UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| KALIE CORMIER | CIVIL ACTION NO. 04-1929-P |
| VERSUS | JUDGE HICKS |
| GERRALD GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kalie Cormier ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on September 13, 2004. Plaintiff claims his civil rights were violated by prison officials while he was incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He names Warden Gerrald Goodwin, Lt. Col. Ray Hanson, the DWCC medical staff, Deputy Howard, Nurse Owens and Nurse K. Smith as defendants.

Plaintiff was ordered on February 8, 2007 to furnish the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of that order, one (1) copy of

---

[1] This decision is not intended for commercial print or electronic publication.

the complaint and two (2) completed summonses for each defendant in this action, for service. [Doc. 13]. To date, Plaintiff has not done so.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>See</u> <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court

and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

  **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this \_\_\_15th\_\_\_ day of _____May_____ 2007.

                _____
                MARK L. HORNSBY
                UNITED STATES MAGISTRATE JUDGE